UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JAMES WOODLEY, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-05-1844 |
| | : | |
| vs. | : | (Complaint Filed 09/13/05) |
| | : | |
| | : | (Judge Muir) |
| ROCKVIEW STATE INSTITUTION, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**ORDER**

December 20, 2005

**Background**

Plaintiff, Arthur James Woodley, an inmate formerly confined in the Rockview State Correctional Institution, Bellefonte ("SCI-Rockview"), Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1]  The named defendants are the Rockview State Correctional Institution; Franklin J. Tennis, SCI-Rockview Superintendent; Richard Eller, Health Care Administrator; Jeffrey Rackovan, Grievance Coordinator; Sharon M. Burks, Chief Grievance Officer; Margaret Miller, Nurse

---

1. Plaintiff was paroled on July 24, 2005 and currently resides at 530 S. TV McCoo Boulevard, Apt. Q, Eufaula, Alabama.

supervisor, John Doe, third shift officer; Deputy Gaerfner and John Symons. Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[2]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that

---

2. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke vs. Williams, 490 U.S. 319, 327-28 (1989); Wilson vs. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[3] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton vs. Hernandez, 504 U.S. 25, 33 (1992).

The plaintiff alleges that on September 7, 2003, he was attempting to climb into his bed "by way of using a chair and heater within his room" when his right foot slipped off the heater. (Doc. No. 1, complaint). Plaintiff claims that he then fell off the heater, hitting his back on the heater, as his right foot went beneath the bed striking his leg. Id.  He

---

3. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman vs. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss vs. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).  Clearly baseless factual contentions describe scenarios "clearly removed from reality."  Id.

states that the third shift officer responded to the incident. Id.

Woodley claims that from September 8, 2003 through May 2, 2005, he "visited medical to explain [his] injuries" and that the medical staff stated that "tylenol and advil is all that could be given to [plaintiff] and that [he] will always have back problems." Id. He alleges that he was also told that he was "wasting [his] time and money [because] the dent in [his] leg will be there yet the outer surface will heal." Id.

Finally, plaintiff states that on September 9, 2003, x-rays were taken of plaintiff, which revealed that there were no broken bones in his back and that the pulled ligaments in his back were the cause of his pain. Id.

Plaintiff files the instant complaint, seeking injunctive and declaratory relief that defendants "actions and inactions" violated plaintiff's constitutional rights, as well as compensatory and punitive damages. Id.

**Discussion**

In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person

4

who caused the deprivation acted under color of state or territorial law.  West vs. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. vs. Brooks, 436 U.S. 149, 155 (1978).

In the context of medical care, the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element).  Monmouth County Correctional Institution Inmates vs. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West vs. Keve, 571 F.2d 158, 161 (3d Cir. 1979).  Because only flagrantly egregious acts or omissions can violate this standard, mere medical malpractice can not result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment.  White vs. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).  Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment...."  Estelle vs. Gamble, 429 U.S. 97, 106 (1976).

Assuming without deciding, that plaintiff's injury is serious in the constitutional sense, the allegations in the complaint illustrate clearly that plaintiff has received medical

5

attention. The allegations in the plaintiff's complaint amount to nothing more than plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison.  At most, the allegations in the complaint only rise to the level of mere negligence.  As simple negligence can not serve as a predicate to liability under § 1983, Hudson vs. Palmer, 468 U.S. 517 (1984), plaintiff's civil rights complaint fails to articulate an arguable claim under § 1983. See White, 897 F.2d at 108-110.

Moreover, to the extent that plaintiff names Superintendent Tennis and Health Care Administrator Eller as defendants, claims brought under § 1983 cannot be premised on a theory of respondeat superior.  Rode vs. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo vs. Goode, 423 U.S. 362 (1976); Hampton vs. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of

>personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on a review of plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to these defendants. Plaintiff fails to assert that these defendant had any personal involvement in actions which resulted in a violation of his constitutional rights. Accordingly, these defendants are entitled to dismissal.

Finally, the court notes that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel vs. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg vs. Meese, 622 F. Supp. 1451, 1462

(S.D.N.Y. 1985) (citing O'Shea vs. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Wahl vs. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter vs. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).  The instant plaintiff is no longer confined at SCI-Rockview, and there is no reasonable probability that he will be returned to that correctional facility in the foreseeable future.  Consequently, since plaintiff is not suffering any apparent continuing adverse effects as a result of his prior confinement at SCI-Rockview, his requests for injunctive and declaratory relief are moot under the standards set forth in Rosenberg and Wahl.

Thus, under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the judicial resources that § 1915 is designed to preserve.  See Roman vs. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

8

IT IS HEREBY ORDERED THAT:

1. The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED**.

2. The complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Plaintiff's motion for appointment of counsel (Doc. No. 1) is **DISMISSED** as moot.

4. The Clerk of Court shall **CLOSE** this case.


<u>s/Malcolm Muir</u>
Muir
United States District Judge